IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| LEVI ARTHUR FEDD, | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-128 |
| v. | |
| JEFF COLEMAN, et al., | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed this action pursuant to 42 U.S.C. §1983 contesting certain conditions of his confinement. Doc. 1. Plaintiff has filed a Motion for a Preliminary Injunction and a Motion to Proceed *in Forma Pauperis*. Docs. 2, 5. For the reasons discussed below, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*. Doc. 5. I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1] I

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation

further **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion for a Preliminary Injunction. Doc. 2.

## PLAINTIFF'S CLAIMS

In his Complaint, Plaintiff alleges he is facing false disciplinary proceedings. Doc. 1 at 2. Plaintiff challenges his placement in the Special Housing Unit ("SHU"). Id. Plaintiff states certain officers fabricated charges against him to place him in segregation. Id. at 2. Plaintiff alleges his placement in segregation due to false allegations is cruel and unusual punishment and violates his due process rights. Id. at 3. Plaintiff states because this is an emergency, he is entitled to a preliminary injunction and temporary restraining order. Id. at 4; doc. 2. Plaintiff further explains he did not utilize the prison grievance system because he could not wait to sue. Doc. 1 at 4. Plaintiff alleges he is in imminent danger of physical injury because "known enemies" and gang members live in his unit. Id. at 5. Plaintiff also mentions a threat from an officer and inadequate medical care. Id.

## DISCUSSION

**I.     Dismissal Under 28 U.S.C. § 1915(g)**

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA"). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

§ 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit Court of Appeals upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection. Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

(1) Fedd v. Singh, No. 16-11805 (11th Cir. Feb. 2, 2017), (three judge panel dismissing appeal as frivolous);

(2) Fedd v. Holt, No. 1:16-cv-713 (N.D. Ga. Jan. 5, 2017), ECF No. 32 (dismissed for lack of exhaustion);[2] and

(3) Fedd v. Almedom, No. 5:15-cv-104 (M.D. Ga. Feb. 12, 2016), ECF No. 27 (dismissed for lack of exhaustion).

Additionally, Plaintiff has been identified as a three-striker in Fedd v. Byird, No. 6:18-cv-121 (S.D. Ga. June 5, 2019), ECF No. 12, and Fedd v. Johnson, No. 5:20-cv-69 (S.D. Ga. Sept. 8, 2020), ECF No. 25.

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g). "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004);

---

[2] The failure to exhaust administrative remedies counts as a strike under § 1915(g). White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020). The dismissal of a claim pursuant to 42 U.S.C. § 1997(e) is "tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").  Courts look to the complaint as whole in determining whether the exception is met, but general and conclusory allegations not grounded in specific facts indicating that serious physical injury is imminent cannot invoke the § 1915(g) exception.  Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006).  General assertions, even construed liberally, are "insufficient to invoke the exception . . . absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Brown, 387 F.3d at 1349–50 (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

  Even liberally construed, Plaintiff's Complaint as a whole does not allege facts suggesting Plaintiff is in imminent danger of serious physical injury so that he can avoid the three-strike bar.  Plaintiff only makes general conclusory allegations of a danger in his Complaint.  Doc. 1.  The Court construes Plaintiff's Complaint to allege the principle danger to him is the "known enemies" and gang members present in his unit.  Id. at 5.  Plaintiff has not pleaded facts suggesting he faces an imminent danger from these inmates.  Plaintiff makes only a very general allegation and has not provided any specific facts tending to show these inmates are actively attempting to harm him.  Moreover, Plaintiff's Complaint as a whole suggests he is not at risk of imminent harm from these inmates because he disputes his placement in administrative segregation where prisoners are housed apart from the general population and have limited interaction with other inmates.

Plaintiff's subsequent allegations surrounding a threat from an officer and inadequate medical care are completely threadbare. Plaintiff states he faces a threat from "the same officer threats [sic] to let inmate out to kill inmate Fedd." Id. at 5. It is unclear whether Plaintiff asserts an officer threatened him in the past or he expects an officer to do so in the future. It is also unclear whether Plaintiff fears an officer will kill him or another inmate will. Regardless, Plaintiff does not explain why a potential threat from an officer is imminent. Finally, Plaintiff summarily concludes he faces a threat of "inadequate medical care" without any further explanation. Id. Plaintiff has only made general allegations of a danger rather than presenting specific facts indicating harm is imminent. Therefore, Plaintiff's Complaint taken as a whole does not qualify for the imminent danger exception to § 1915(g). For this reason, I **DENY** Plaintiff's Motion to proceed *in Forma Pauperis*. Doc. 2. Because Plaintiff has not promptly paid the full filing fee in this action, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint. Because I recommend the Court dismiss Plaintiff's Complaint, I further **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion for a Preliminary Injunction. Doc. 2.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*. Doc. 5. I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I further **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion for a Preliminary Injunction. Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

6

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED and REPORTED and RECOMMENDED**, this 5th day of April, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA