# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| LEVI ARTHUR FEDD, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:20-cv-128 |
| v. | * | |
| JEFF COLEMAN, et al., | * | |
| Defendants. | * | |

### ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 10. In his April 5, 2021 Report and Recommendation, the Magistrate Judge recommended the Court dismiss Plaintiff's Complaint in its entirety because Plaintiff has three strikes under 28 U.S.C. § 1915(g) and has not shown he is in imminent danger. Dkt. No. 8. Plaintiff objects to that conclusion. Dkt. No. 10.

As a preliminary matter, the Court notes Plaintiff's Objections are not timely. The deadline for Plaintiff to file Objections was April 22, 2021. Plaintiff appears to have signed

AO 72A
(Rev. 8/82)

his Objections on April 25, 2021.[1] Dkt. No. 10 at 21. Even considering Plaintiff's Objections, he has not alleged any imminent danger to avoid the three-strikes bar.

The Court construes Plaintiff's Objections as stating he is in imminent danger because (1) he suffered from a sexual assault and battery by another inmate, and (2) he suffers from medical conditions prison officials have left untreated. Plaintiff also presents numerous other legal arguments which are irrelevant to the § 1915(g) issues now before the Court.

Plaintiff's allegations regarding a sexual assault and battery do not show an imminent danger. Plaintiff states he has suffered numerous injuries from the attack and had surgery on his shoulder. Id. at 3-4. However, Plaintiff fails to explain how this attack shows a present danger as opposed to a past danger. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."). Plaintiff has simply not presented sufficient factual allegations regarding this incident for the Court to determine Plaintiff suffers from a present danger.

---

[1] Plaintiff's signature is dated "5-25-21." Dkt. No. 10 at 21. However, the Court assumes Plaintiff intended to sign April 25, 2021, because Plaintiff's envelope is postmarked April 26, 2021. Because the Court received Plaintiff's Objections on April 29, 2021, Plaintiff could not have actually signed the document on May 25, 2021.

2

Plaintiff's allegations regarding his medical conditions are also insufficient to overcome the three-strikes bar. Plaintiff states he suffers from stomach issues, diabetes, and mental health problems, for example. Dkt. No. 10 at 9-10. Plaintiff fails to explain how these medical conditions are a result of the due process claim alleged in his Complaint. Dkt. No. 1. Additionally, Plaintiff has not presented factual allegations which would tend to show these conditions are sufficiently serious to present a risk of serious physical injury.

At numerous points in his Objections, Plaintiff asserts this is an emergency and he qualifies for the imminent danger exception. However, general and conclusory allegations not grounded in specific facts are insufficient to invoke the § 1915(g) exception. See, e.g., Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). Looking at Plaintiff's Complaint as a whole, and the allegations made in his Objections, Plaintiff has not stated adequate factual allegations to meet the imminent danger exception under § 1915(g).

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The

3

Court **DISMISSES without prejudice** Plaintiff's Complaint. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. The Court further **DENIES as moot** Plaintiff's Motion for a Preliminary Injunction. Dkt. No. 2.

SO ORDERED, this 25 day of May, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA